IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>MAX N. LAFFERTY,<br><br>        Defendant. | 8:12CR329<br><br>MEMORANDUM and ORDER |

This matter is before the Court after an evidentiary hearing on July 28, 2020, in connection with the Amended Petition for Warrant or Summons for Offender Under Supervision ("amended petition"), Filing No. 98, the defendant's unopposed motion for a hearing to determine his mental condition, Filing No. 88, and the court's order for a psychiatric examination of the defendant, Filing No. 89. At the hearing, the Court took judicial notice of the record in this case. The government offered, and the Court received, into evidence the forensic report of a psychological evaluation of the defendant performed at the Bureau of Prisons ("BOP") Federal Medical Center in Ayer, Massachusetts. *See* Exhibit ("Ex.") 1, Forensic Report.

I.     BACKGROUND

Defendant Max N. Lafferty was charged with bank robbery with a dangerous weapon in violation of 18 U.S.C. § 2113 (a) and (d) in October 2012. Filing No. 1, Indictment. On December 6, 2012, he was committed to the custody of the Attorney General for placement in a suitable facility for the purpose of undergoing psychiatric evaluation to determine his competency to stand trial and for treatment. Filing No. 18, Order. The forensic report from that period of hospitalization indicated he had been

1

diagnosed as having Schizophrenia, Paranoid Type; Schizoaffective Disorder, Bipolar Type; Borderline Personality Disorder; and Antisocial Personality Disorder. Filing No. 40, Presentence Investigation Report (PSR) at 11. The record shows that over the years, Lafferty has suffered from a number of severe and chronic psychotic symptoms, including auditory hallucinations, paranoia, delusions, and depressive symptoms. *Id.*

Following the evaluation, Lafferty was committed to the Federal Bureau of Prisons, Federal Medical Center, Springfield, Missouri, for mental health treatment and to be restored to competency. *Id.*; *see also* Filing No. 22, Order; Filing No. 25, Order. He received treatment until February 12, 2014. Filing No. 40, PSR at 11. On April 11, 2014, the Court found that Lafferty's psychotic symptoms were controlled with medication and he was competent to proceed. *Id.*; *see also* Filing No. 29, text minute entry. On May 8, 2014, pursuant to a plea agreement, the defendant pled guilty to the charge of bank robbery with a deadly weapon, in violation of 18 U.S.C. § 2113(a) &(d). Filing No. 31, text minute entry; Filing No. 34, Petition to Enter a Plea, Filing No. 35, Plea Agreement. Lafferty was sentenced on August 1, 2014, to a term of sixty-three months of confinement followed by five years of supervised release. Filing No. 38, Judgment.

While serving his sentence, Lafferty was noted to exhibit persisting psychotic symptoms, including auditory hallucinations, resulting in a variety of problematic behaviors, including self-injurious acts and threats. *See* Ex. 1, Forensic Report at 3. He seriously assaulted another inmate in September 2015 and was placed in a locked unit. *Id.* He was transferred to the United States Medical Center for Federal Prisoners in Springfield, Missouri, in January 2016 to complete his sentence. *Id.* Throughout his detention at that facility, Lafferty "persistently struggled with medication compliance,

resulting in persisting delusional thinking, auditory hallucinations, expressions of anger, aggressive acts, threats to self-harm, and engaging in self-harming behaviors. *Id.* His symptoms were noted to persist even when accepting medication treatment." *Id.* Further, "[h]e repeatedly transferred between the locked and semi-locked units but was unable to function in open population." *Id.*

Lafferty was released from custody in May 2017 to a shelter. *Id.* at 6. He reportedly left the shelter without permission from his probation officer, hitchhiked to Colorado, and was eventually taken into custody. Ex. 1, Forensic Report at 6; Filing No. 46, Petition for Warrant or Summons for Offender Under Supervision. At the final hearing on revocation of Lafferty's supervised release, the consensus of the court and parties was that an appropriate disposition was a viable residential placement, when available. Filing No. 60, text minute entry; Filing No. 64, Order of Release to Telecare Recovery Center in Bellevue, Nebraska. Filing No. 64. He later placed at a group home, the Hope Center in Plattsmouth, Nebraska, in April 2018. *See* Ex. 1, Forensic Report at 6. He was reported to have kicked another inmate at Hope Center, made threats against others, and left the facility without permission. *Id.* at 7. He has been turned down by numerous group home residences in light of his history of aggression. *Id.*

The most recent psychological evaluation summarizes the defendant's mental health history as follows:

> Mr. Lafferty has an extensive documented history of psychiatric symptoms and treatment, dating to the 1960's. His longest period living outside of an institution prior to the 2012 detention was one and a half years, between 2000 and 2001. He has spent most of his adult life in custody, community hospitals, or committed to state hospitals and forensic mental health facilities. Mr. Lafferty's diagnoses include Schizophrenia, Schizoaffective Disorder, Borderline Personality Disorder, and Antisocial Personality Disorder, for which he has received treatment with a variety of

3

antipsychotic, mood-stabilizing, anxiolytic, and antidepressant medications. Mr. Lafferty is reported to have exhibited severe and chronic symptoms of psychosis, including auditory hallucinations, paranoia, and delusions. He has also experienced acute mood volatility and behavioral dyscontrol, manifesting in anger, impulsivity, agitation, violent behaviors and recurring suicidal thoughts and self-harming acts. He has exhibited persisting anger and irritability, resulting in frequent verbal and physical conflicts with peers in the community, as well as peers and staff when hospitalized or detained in custody.

Ex. 1, Forensic Report at 3-4. The record shows that Lafferty has been charged, at various times, with vehicle theft; robbery (multiple counts); theft; bank robbery (2 separate counts, the most recent being the instant underlying charges); armed with intent; criminal mischief (multiple counts); aggravated assault/use of a weapon, and assault (multiple counts). *See* Ex. 1, Forensic Report at 3; Filing No. 40, PSR at 6-9. Lafferty has spent much of his adult life in custody, either-incarcerated or psychiatrically hospitalized. Ex. 1, Forensic Report at 4.

## II. SUPERVISED RELEASE VIOLATION

The present allegations of supervised release violations involve episodes at two residential care facilities, Hope Cooperative Care in Plattsmouth, Nebraska, and the Hope Wymore facility in Wymore Nebraska. The incidents both involve threatening behavior and absconding from facilities. Lafferty allegedly committed the first violation in July 2019. Filing No. 71, Petition for a Warrant for an Offender under Supervision ("initial petition"). A warrant was issued, and Lafferty was arrested on July 11, 2019. Filing No. 76. The Court ordered a psychiatric or psychological evaluation of the defendant and he was admitted to the Federal Medical Center in Devens, Massachusetts, in October 2019. Ex. 1, Forensic Report at 7. The initial petition was later amended to include allegations of

conduct that occurred after the defendant was arrested on the initial allegations.[1] See Filing No. 98, amended petition.

On July 10, 2020, the defendant appeared before the United States Magistrate Judge for a preliminary hearing on the amended charges and the court found probable cause to believe the defendant has violated one or more conditions of supervised release as alleged in the petition. Filing No. 102, text minute entry; Filing No. 103, Order. The government moved for an order of detention based on risk of flight and danger to the community and the court granted that motion and ordered the defendant remanded to the custody of the United States Marshal. Filing No. 103, Order at 1-2.

Defendant Lafferty appeared for the dispositional hearing on July 28, 2020. Supervising Probation Officer James M. Roberts testified to the factual basis for the

---

[1] In the initial petition, Lafferty's probation officer relates that

> a staff member from Hope Cooperative Care in Plattsmouth, Nebraska, called the undersigned officer and advised Mr. Lafferty has been extremely angry and having verbal outbursts. Mr. Lafferty has started to focus in on one staff member stating he would like to kill her. Mr. Lafferty told staff he went to a local hardware store to purchase a knife in order to harm one of the staff members. Staff called the undersigned officer and placed Mr. Lafferty on the phone to speak with myself and staff at Hope Cooperative Care. I explained to Mr. Lafferty that if he continues with this behavior or leaves his residence in which his whereabouts become unknown, he will be taken into custody. Mr. Lafferty appears unwilling to follow this directive and would like to leave the facility. Mr. Lafferty has no other place to live. Staff members at Hope Cooperative Care feel Mr. Lafferty has become a danger to staff and other residents and are asking him to be removed as soon as possible. Mr. Lafferty has a previous history of absconding while on supervision (previous petition submitted to the Court on July 5, 2017 for same type of behavior). Mr. Lafferty has no place to reside, therefore, Mr. Lafferty will need to be taken into custody.

Filing No. 71, Initial Petition.

The petition filed in 2019 was amended to reflect that Lafferty had been placed at the Hope Wymore facility on June 23, 2020, but had broken rules and had become hostile with staff. He attended a public swimming pool, but was asked to leave for making inappropriate comments and then became hostile and aggressive. He was found hitchhiking, gave a false name to law enforcement officers and was arrested and placed in Gage County jail. Thereafter, he refused to return to and follow the residential directives at Hope Wymore and refused to follow the probation officer's directive to return to Omaha. Filing No. 98, amended petition. The government moved to dismiss the initial petition after the defendant made his appearance on the amended petition. See Filing No. 102, text minute entry.

supervised release violation. Based on the evidence adduced at the hearing, the Court finds that the defendant is in violation of his supervised release as alleged in the Amended Petition, Filing No. 98.

The Court previously ordered a custodial psychiatric or psychological examination of defendant Lafferty under 18 U.S.C. § 4244(a). Filing No. 89, Order. The Court has received and reviewed the Forensic Report and adopts the findings in that report. *See* Exhibit 1, Forensic Report. The Court also relies on the Presentence Investigation Report previously completed herein, and other evidence in the record, as additional support for its factual findings.

The Court would ordinarily proceed to sentence the defendant, but counsel for the defendant and the government agree that in lieu of sentencing the defendant to a term of incarceration, an order of civil commitment under 18 U.S.C. § 4244(d) is necessary. They argue that Lafferty should be placed within the federal prison system to provide him the care and treatment he needs for his underlying mental health problems.

III. 18 U.S.C. § 4244

    A.    Law

Federal law provides for hospitalization of a convicted person suffering from a mental disease or defect. 18 U.S.C. § 4244(d). Under 18 U.S.C. § 4244, after the defendant is found guilty, and prior to the time the defendant is sentenced, the defendant, the government, or the Court may move for a hearing on the present mental condition of the defendant. 18 U.S.C. § 4244(a). The motion must be "supported by substantial information indicating that the defendant may presently be suffering from a mental

disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." *Id.*

"Under 18 U.S.C. § 4244(d), a defendant with a mental disease or defect may receive a provisional sentence and be committed for treatment prior to his final sentencing and incarceration." *United States v. Smith*, 464 Fed. App'x 179, 181 (4th Cir. 2012). The current framework of 18 U.S.C. § 4244 "helps to meet several governmental interests that are distinct from questions of competency, namely, 'the governmental interests in: (1) protecting mentally ill prisoners who might be at substantial risk if placed in the general prison population; (2) ensuring the safety of other inmates; and (3) providing humanitarian treatment for mentally ill inmates.'" *United States v. Jensen*, 639 F.3d 802, 805-06 (8th Cir. 2011) (quoting *United States v. Abou–Kassem*, 78 F.3d 161, 165 (5th Cir. 1996)). Under § 4244(d), if, after a hearing, "the court finds by a preponderance of the evidence at the hearing that the defendant is suffering from 'a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility,' the court is to impose a 'provisional sentence . . . to the maximum term authorized by law for the offense for which the defendant was found guilty.'"[2] *Jensen*, 639 F.3d at 805 (quoting 18 U.S.C. § 4244(d)). The Court is instructed to commit the defendant to the

---

[2] Lafferty's underlying conviction for bank robbery is a Class B felony. *See* 18 U.S.C. § 3559(a)(2) (stating an offense with a statutory maximum of 25 years or more is a Class B felony). The underlying offense has a statutory maximum of 25 years. 18 U.S.C. § 2113(a). The maximum term of imprisonment for a supervised release violation after a conviction for a Class B felony is five years. 18 U.S.C. § 3583(b)(1); Filing No. 40, PSR at 1, 16-17. Revocation sentences are not aggregated in determining statutory limits. *United States v. Lewis*, 519 F.3d 822, 824 (8th Cir. 2008). The law "now dictates that the maximum term of imprisonment that can be imposed for 'any such revocation' is the amount specified in [§ 3583(e)(3) for each class of felony], without reference to imprisonment imposed for other revocations." *Id.* The statutory cap of three years for a Class B felony explicitly applies to each revocation of supervised release. *See* 18 U.S.C. § 3553(e)(3).

7

custody of the Attorney General. 18 U.S.C. § 4244(d). *Id.* The Attorney General is then to "hospitalize the defendant for care or treatment in a suitable facility." *Id.*

"If, at a later date, the director of a facility to which a defendant is provisionally sentenced certifies that the defendant no longer suffers from the mental disease or defect, then the defendant may proceed to final sentencing." *Jensen*, 639 F.3d at 805 (citing 18 U.S.C. § 4244(e)). At that time, if the provisional sentence imposed under subsection (d) has not expired, the court proceeds to final sentencing and may modify the provisional sentence. 18 U.S.C. § 4244(e).

B.    Discussion

The Court has ordered a psychiatric or psychological examination under 18 U.S.C. §§ 4244(b) and 4247(b), and (c) and has conducted a hearing under 18 U.S.C. § § 4244(c) and 4247(d). The defendant was present at the hearing and was offered an opportunity to testify, present evidence, subpoena witnesses and to confront and cross-examine witnesses under 18 U.S.C. § 4247(d).

The defendant has been found in violation of the conditions of supervised release as alleged in Filing No. 98, but has not yet been sentenced on that violation. The Court finds by a preponderance of the evidence that substantial information in the record shows the defendant is presently suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility. The most recent forensic evaluation states

> [Lafferty's] clinical history suggests the need for designation to a Medical Center setting. Mr. Lafferty is presently adhering to his prescribed medication regimen, rendering him clinically stable. However, he has a significant history of acute psychiatric symptoms, often resulting from decompensation in the context of medication noncompliance. In light of his chronic medication non-compliance, Mr. Lafferty requires a great deal

> of supervision to maintain psychiatric stability. In the past, Mr. Lafferty has failed to maintain adaptive functioning, even when housed at a Medical Center. Without the close supervision of a treatment team afforded in a Medical Center setting, Mr. Lafferty would be quite vulnerable to episodes of psychiatric decompensation.

Ex. 1, Forensic Report at 11.

The record shows Lafferty's mental condition substantially impairs his ability to function in society. Mr. Lafferty has been treated for psychiatric disorders nearly his entire life. He has committed at least three robberies while not incarcerated. The Court has repeatedly placed him in facilities designed to meet his mental health needs. In each instance, regardless of the level of supervision, he has been discharged or left the facilities. Mr. Lafferty is a danger to himself and others given his aggressive behavior and propensity to engage in robbery and assaultive behavior.

Based on the Forensic Report recommendation and on the Court's familiarity with this case, the Court finds that defendant Max N. Lafferty is presently suffering from a mental disease or defect such that he should be committed to the of the Attorney General for placement in a suitable health facility pending imposition of final sentence for the supervised release violation. A high level of custodial supervision within an appropriate federal facility will afford Lafferty an opportunity to resolve mental health and medication issues that he is unable to follow through on while residing in the community.

IV. CONCLUSION

The Court finds that the defendant has violated Standard Condition No. 3 and Mandatory Condition No. 1 of his conditions of supervised release as alleged in the Amended Petition for Warrant or Summons for Offender Under Supervision (Filing No. 98). The Court also finds, finds by a preponderance of the evidence pursuant to 18 U.S.C. §4244(d), that the defendant is presently suffering from a mental disease or defect as

specified in the Forensic Report and in lieu of being sentenced to imprisonment, he should be committed to a suitable facility for care or treatment. Accordingly,

IT IS ORDERED that:

1. The defendant's Unopposed Motion For Hearing on Mental Condition and for Custodial Psychiatric or Psychological Examination and Report (Filing No. 88) is granted.

2. The Court finds the defendant is in violation of Standard Condition No. 3 and Mandatory Condition No. 1 of his conditions of supervised release as alleged in the Amended Petition for Warrant or Summons for Offender Under Supervision (Filing No. 98).

3. The Defendant is hereby committed to the custody of the Attorney General for care or treatment in a suitable facility pursuant to 18 U.S.C. §4244(d).

4. The Defendant shall remain committed to the custody of the Attorney General for care and treatment for no more than thirty six (36) months, the maximum sentence allowed for violation of supervised release, or until his mental condition makes him a suitable candidate for supervised release, whichever shall first occur.

Dated this 31st day of July, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge